## Szczepanek v. Kasper

*Robert C. Daniels*, for plaintiff.

*Howard R. Detweiler*, for defendants.

HAGAN, P. J., December 7, 1966.—This matter is before us upon defendants' motion for production of medical records and reports. The relevant facts are as follows:

Defendants' physicians examined and took X-rays of plaintiff. Subsequently, defendants' counsel served upon plaintiff's counsel copies of the reports of the examination and X-rays of defendants' physicians and requested that plaintiff's counsel forward copies of all reports of medical examinations and treatment of plaintiff. Plaintiff's counsel returned the medical reports of defendants' physicians to defendants' counsel and refused to forward to plaintiff the requested medical reports, stating that plaintiff did not desire to enter into an exchange of medical reports.

Defendants rely upon Pennsylvania Rule of Civil Procedure 4010★(a), which was adopted by the Philadelphia Common Pleas Courts on June 1, 1962. Plaintiff, on the other hand, relies upon Pa. R. C. P. 4010(b) of the Supreme Court Rules, which became effective June 30, 1964. The issue before us is which of these rules governs the instant case.

Supreme Court Rule 4010(b) provides:

*"If requested by the person examined,* the party causing the examination to be made either pursuant to or without an order of the court, shall deliver to him a copy of a detailed written report of the examining physician setting out his findings and conclusions. *After such request and delivery* the party causing the examination to be made shall be entitled upon request to receive from the party examined a like re-

port of any examination, previously or thereafter made, of the same mental or physical condition. . . ." (Italics added.)

Rule 4010*(a) of the Philadelphia Common Pleas Court Rules provides:

"When a party submits to a physical or mental examination by a physician either pursuant to or without an order of the court, a copy of the written report of such examining physician *shall be served* upon said party's attorney within twenty days, and immediately upon receipt thereof, said party's attorney *shall deliver* to the attorney of the other party, a copy of any written report made by said party's own physician". (Italics added.)

When the above two rules are compared, it will be seen that under our Common Pleas Court rule, either party can initiate an exchange of medical information. Under the Supreme Court rule, on the other hand, only "the person examined", in this case, plaintiff, can initiate such an exchange.

The power of the Philadelphia Common Pleas Courts to enact local rules is derived from the Act of June 21, 1937, P. L. 1982, No. 392, sec. 2, as amended; 17 PS §62. That act authorizes the Philadelphia Common Pleas Courts to ". . . adopt additional local rules for the conduct of its business, which shall not be inconsistent with or in conflict with . . ." the general rules prescribed by the Supreme Court. The specific issue before us, therefore, is whether our local rule 4010* (a) is "inconsistent with or in conflict with" Supreme Court Rule 4010 (b). If so, the Supreme Court Rule must prevail, and defendants' motion must be dismissed.

While our local rule and the Supreme Court rule deal with the same general subject matter, to wit, the exchange of medical information, we do not read them as being inconsistent or in conflict with one another.

If the Philadelphia rule were less broad than the Supreme Court rule and provided for a lesser scope of exchange of medical information, then it would be in conflict with the Supreme Court rule, since it would attempt to deny that which the Supreme Court rule would allow. The Philadelphia rule, however, merely amplifies the Supreme Court rule by permitting an even broader exchange of medical information than does the Supreme Court rule.

We hold, therefore, that Philadelphia Common Pleas Court Rule 4010*(a) is consistent with the salutary purpose of Supreme Court Rule 4010(b) of providing for a broad exchange of medical information. Accordingly, defendants' motion for production of medical records and reports is hereby granted.